IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WILLIE PARRISH, III,<br><br>    Plaintiff,<br><br>    v.<br><br>SCREVEN COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant. | CIVIL ACTION NO.: 6:21-cv-92 |

# O R D E R

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, the Court **DISMISSES** Plaintiff's Complaint in its entirety. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Further, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

## PLAINTIFF'S CLAIMS[2]

Plaintiff brings this suit under § 1983, alleging violations of his rights by Defendant Screven County Sheriff's Department while he was a pretrial detainee. Doc. 1. Plaintiff alleges Defendant violated his Fourth Amendment and Fourteenth Amendment rights. Id. at 3. Plaintiff explains while he incarcerated, he was denied medical treatment and medication and was not

---

[1] Plaintiff, the only party appearing in this case, has consented to plenary review by the undersigned. Doc. 5.

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

able to go to his doctors' appointments.  Id. at 5.  As a result, Plaintiff has experienced back pain and other health issues.  Id.  Plaintiff requests only monetary damages as relief.  Id.  Plaintiff provides no other details about his claims.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff is suing Screven County Sheriff's Department as a Defendant. Doc. 1. In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). The Screven County Sheriff's Department is not an entity subject to suit under § 1983. Lovelace v. DeKalb Central Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same).

In addition, Plaintiff does not make any factual allegation against the Screven County Sheriff's Department in his Complaint, suggesting he is attempting to state a respondeat superior claim for the actions of the Department's employees, which is a claim not cognizable under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. N. Y. City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the

supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). Accordingly, the Court **DISMISSES** Plaintiff's Complaint, as the Screven County Sheriff's Department is the only Defendant in this case.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint in its entirety. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Further, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 11th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA